(50 Misc. Rep. 194.)

SELKIR v. KLEIN et al.

(Supreme Court, Special Term, New York County. April, 1906.)

1. RELIGIOUS SOCIETIES—WHAT CONSTITUTE—CONSOLIDATION.

A corporation formed under Laws 1848, p. 447, c. 319, entitled "An act for the incorporation of benevolent, charitable, scientific and missionary societies," and providing by section 5 (page 448) that the act shall not authorize the formation of any corporation which can be incorporated under Act April 5, 1813 (2 Rev. Laws 1813, p. 212, c. 60), providing for the incorporation of religious societies, is not a religious corporation, and cannot consolidate with a religious corporation under Laws 1895, p. 484, c. 723, § 12, and where it attempts so to do its real estate does not vest in the consolidated company.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Religious Societies, § 209.]

2. VENDOR AND PURCHASER—FAILURE OF TITLE—RECOVERY OF DEPOSIT.

Where one claiming to own real estate under a deed from a consolidated religious corporation contracts to sell the same, and the vendee makes a deposit on account of the price and rejects the title as not marketable, because the attempted consolidation of the religious corporation was void, he is entitled to a lien on the land for his deposit and expenses.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, § 985.]

Action by Malche Selkir against Adolph Klein and others to enforce a vendee's lien on real estate for the amount of deposit paid on the purchase price. Judgment for plaintiff.

Feltenstein & Rosenstein, for plaintiff.
Charles Schwick, for defendants.

DOWLING, J.  This action is brought to impress a vendee's lien on real estate belonging to defendants for the amount of the deposit paid on account of the purchase price thereof and for the expense incurred in searching title thereto, the vendee having rejected the title as unmarketable.  The sole question to be determined is whether defendants had a marketable title to the premises in question; the objection thereto being that the rector, church wardens, and vestrymen of St. James' Church, a religious corporation, never became legally vested with the title, and therefore could not convey the same to defendants' predecessors in title.  The premises were conveyed to a corporation known as "St. James' Mission of the City of New York" in 1892. This corporation was incorporated on or about December 31, 1890, under the provisions of chapter 319, p. 447, Laws of 1848, entitled "An act for the incorporation of benevolent, charitable, scientific and missionary societies."  By section 5 (page 448) thereof it is provided that the act in question "shall not authorize the formation of any corporation which can be incorporated under the act entitled 'An act to provide for the incorporation of religious societies,' passed April 5, 1813."  The membership corporations law, passed May 8, 1895, being chapter 559, p. 329, of the Laws of 1895, provides, in section 2, art. 1 (page 331), thereof, that the term "membership corporation" means a corporation thereafter incorporated under the said chapter, "or heretofore incorporated under any law repealed by this [said] chap-

ter." Among the laws repealed by said chapter was chapter 319, p. 447, of the Laws of 1848. The corporation "St. James' Mission of the City of New York," therefore, became, after September 1, 1895, when the membership corporations law took effect (section 148, p. 336, thereof), a membership corporation and subject to the provisions of law governing the same. By section 7 (page 332) of the membership corporations law any two or more membership corporations, incorporated under or by general or special laws for kindred purposes, may enter into an agreement for consolidation, and upon application to the Supreme Court may by its order, upon notice and hearing, become one corporation, whereupon all property belonging to the corporation shall be vested in and transferred to the new corporation, which shall be subject to all the liabilities of the former corporations. The only restriction upon such consolidation therein contained is that no society for the prevention of cruelty to children or animals shall consolidate with any other corporation.

"The rector, church wardens, and vestrymen of St. James' Church in the city of New York" is a religious corporation, organized pursuant to the provisions of chapter 60, Rev. Laws 1813 (volume 2, p. 212), entitled "An act to provide for the incorporation of religious societies." The religious corporations law was passed May 23, 1895, being chapter 723, p. 477, of the Laws of 1895. By section 112 (page 514) thereof, chapter 60, p. 212, Rev. Laws 1813, was expressly repealed. The rector, church wardens, and vestrymen of St. James' Church in the city of New York, a religious corporation, thereafter became subject to the provisions of the religious corporations law, under the definition contained in section 2 (page 479) thereof. By section 12 (page 484) of the religious corporations law, two or more incorporated churches are permitted to enter into an agreement for consolidation, which, after approval of the governing body of the denomination to which the churches belong, is to be submitted for approval to the Supreme Court on the separate petition of each church. After notice of the application and a hearing thereon, the court may order the consolidation on the terms agreed on, whereupon the new incorporated church thus formed by consolidation succeeds to the property and estate of the original churches and becomes chargeable with their debts and obligations.

On December 21, 1897, petitions were presented to the Supreme Court, New York county, subscribed, respectively, by St. James' Mission and by the rector, church wardens, and vestrymen of St. James' Church, praying for the consolidation of the two corporations under the latter name. The petition of the first of these corporations recited that it was a religious corporation, without ecclesiastical functions, engaged in missionary work, and of the second that it was a religious corporation. From the circumstance that each corporation petitioned separately, as well as from the recitals of facts in the petition itself, it is evident that the proceeding was based on the theory that both societies were religious corporations. Upon the petitions an order was made by the Supreme Court, on December 31, 1897, authorizing and approving the proposed consolidation under the name of "The rector,

church wardens, and vestrymen of St. James' Church in the city of New York," and by that name the consolidated corporation, on March 19, 1904, conveyed to John F. Eggert the premises in question, which had theretofore been acquired and held by St. James' Mission. It is clear that this consolidation was not legally perfected, and that title to the property owned by St. James' Mission never passed to the consolidated corporation. The two corporations, at the time of attempted consolidation, were not in the same catagory. The general corporation law recognizes and reiterates the difference between them (section 2) by classifying nonstock corporations as either religious corporations or membership corporations. The law permitted only the consolidation of two membership corporations, one of two or more religious corporations. It nowhere authorized the consolidation of a membership corporation with a religious society. The provisions allowing consolidation, as has been heretofore shown, are plain and direct. There was no statutory warrant, therefore, for the proceeding followed in this so-called consolidation.

It has been expressly and often held that corporations cannot consolidate without legislative authority, and it has also been pointed out that the statutes only permit of the consolidation of corporations of a similar nature. Chevra Bnai Israel v. Chevra Bikur Cholim, 24 Misc. Rep. 189, 52 N. Y. Supp. 712, citing many cases upon the former proposition; Erste Sokolower Congregation v. First United Verein, 32 Misc. Rep. 269, 65 N. Y. Supp. 509. It is true that, in the two cases cited, there had been no application to the court for approval of the proposed consolidation; but, as has been shown, the court, even if appealed to, is without power to legalize the effectuation of the consolidation without legislative provision therefor. "Corporations at common law have certain powers, but not such as would authorize the forming of a partnership or the consolidation of two corporations into one." New York & Sharon Canal Co. v. Fulton Bank, 7 Wend. 415. Judgment is therefore directed in favor of the plaintiff, establishing a lien, under the stipulation, in the sum of $475, with costs.

Judgment directed in favor of plaintiff, establishing a lien, under stipulation, in sum of $475, with costs.