Let decision be prepared accordingly.

---

(119 App. Div. 749)

### PEOPLE ex rel. BARNEY v. WHALEN, Secretary of State.

(Supreme Court, Appellate Division, Third Department. May 8, 1907.)

CORPORATIONS—POWERS—CONSTRUCTION OF ACTS OF INCORPORATION.

Business Corporation Law, § 2 (Laws 1892, p. 2042, c. 691, as amended by Laws 1895, p. 445, c. 671, Laws 1896, p. 314, c. 369, § 1, Id. p. 428, c. 460, and Laws 1901, p. 1279, c. 520), prescribes what a certificate of incorporation filed thereunder must contain, and provides that the certificate may contain any other provision for the regulation of the business of the corporation and any limitation upon its powers and upon the powers of its directors and stockholders which does not exempt them from any obligation imposed by law. General Corporation Law, § 10 (Laws 1892, p. 1804, c. 687, as amended by Laws 1895, p. 449, c. 672), contains substantially the same provision, and declares that no corporation shall exercise any corporate powers not given by law or not necessary to the exercise of the powers so given. Stock Corporation Law, § 33 (Laws 1892, p. 1833, c. 688, added by Laws 1893, p. 1436, c. 638, and amended by Laws 1901, p. 314, c. 130), gives a domestic stock corporation, with the consent of two-thirds of its stockholders, the right to sell its property and franchises to a domestic corporation engaged in a business of the same general character, and also provides that a domestic corporation, the principal business of which is carried on in, and the principal tangible property of which is located within, a state adjoining New York, may, with the consent of the holders of 95 per cent. of its capital stock, sell its property situate without the state, not including its franchise, to a corporation organized under the laws of such adjoining state. *Held,* that a clause in a certificate of incorporation, proposed to be filed under business corporation law, giving the directors of the corporation, with the consent of the holders of two-thirds of the outstanding capital stock, the right to dispose of the whole of the property of the corporation, except its franchise, to any person or corporation, domestic or foreign, was not authorized by law, and hence a writ of mandamus to compel the filing of the certificate was properly denied.

Appeal from Special Term, Albany County.

Motion by the people, on relation of Charles T. Barney, for a peremptory writ of mandamus against John S. Whalen, Secretary of State. From an order denying the motion, relator appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Charles H. Tuttle, for appellant.

William S. Jackson, Atty. Gen., and Frank White, Deputy Atty. Gen., for respondent.

CHESTER, J. The order appealed from denies the application of the relator for a peremptory writ of mandamus requiring the respondent to file in his office a certificate of incorporation. The Secretary refused to file the certificate because there was contained therein the following clause:

"The directors may, with the consent of the holders of two-thirds of the capital stock issued and outstanding, sell, assign, transfer, or otherwise dis-

pose of the whole of the property of the corporation, not including franchises, to any person or corporation, domestic or foreign."

The respondent, as Secretary of State, was not required to file a certificate of incorporation if it contained provisions unauthorized by law. People ex rel. Blossom v. Nelson, 46 N. Y. 477. Section 2 of the business corporation law (Laws 1892, p. 2042, c. 691, as amended by Laws 1895, p. 445, c. 671, Laws 1896, p. 314, c. 369, § 1, Id. p. 428, c. 460, and Laws 1901, p. 1279, c. 520), under which it was proposed to file the certificate in question, prescribes what a certificate of incorporation thereunder must contain. The clause objected to is clearly outside of any of the requirements there specified. That section also contains the following provision:

"The certificate may contain any other provision for the regulation of the business and the conduct of the affairs of the corporation and any limitation upon its powers and upon the powers of its directors and stockholders which does not exempt them from any obligation or from the performance of any duty imposed by law."

Substantially the same provision is also included in section 10 of the general corporation law. Laws 1892, p. 1804, c. 687, as amended by Laws 1895, p. 449, c. 672. That section also provides that:

"No corporation shall possess or exercise any corporate powers not given by law or not necessary to the exercise of the powers so given."

If, therefore, the clause in question, which the respondent objected to, was one which purported to give the proposed corporation powers, or the right to exercise powers, not given by law, he was justified in withholding his assent to such filing. That clause is not one regulating the business or relating to the conduct of the affairs of the corporation, but is rather one for the purpose of ending or closing up its business or affairs. It is not one limiting its powers or those of its directors and stockholders, but is one intended to enlarge such powers. It assumes to give the directors of the corporation, with the consent of the holders of two-thirds of the outstanding capital stock issued, the right to dispose of the whole of the property of the corporation, except its franchises, to any person or corporation, domestic or foreign.

The statutory power to sell the property of a corporation is found in section 33 of the stock corporation law. Laws 1892, p. 1833, c. 688, added by Laws 1893, p. 1436, c. 638, and amended by Laws 1901, p. 314, c. 130. That section gives a domestic stock corporation, except a railroad corporation, and except as otherwise provided by law, with the consent of two-thirds of its stockholders, the right to sell and convey its property, rights, privileges, and franchises, or any interest therein, to a domestic corporation engaged in a business of the same general character; and it also provides that a domestic corporation, the principal business of which is carried on in, and the principal tangible property of which is located within, a state adjoining the state of New York, may with the consent of the holders of 95 per cent. of its capital stock sell and convey its property situate without the state, not including its franchise, to a corporation organized under the laws of such adjoining state.

The clause which the respondent objects to authorizes the directors to dispose of the whole of the property of the proposed corporation, except its franchises, to a domestic or to a foreign corporation on the consent of two-thirds of the capital stock issued and outstanding, and therefore it. is an attempt to procure the right to exercise powers in this respect not conferred by the statute, which, as we have seen, prohibits a domestic corporation from so transferring its property to a domestic corporation unless it is engaged in a business of the same general character, and from transferring its whole property to a foreign corporation except where the business of such corporation is carried on in an adjoining state, and even then such transfer can be made under the statute only upon the consent of 95 per cent. of its stockholders, instead of two-thirds thereof.

The argument of the learned counsel for the appellant, that corporations organized for private purposes and owing no duty of a public nature have always possessed and still possess a common-law right to convey their entire property to an individual or corporation upon the unanimous consent of the stockholders, may be conceded. Yet that argument has no force as applied to the situation here. That power, if it exists, may be exercised by a corporation duly organized, not by virtue of anything stated in its certificate of incorporation, but by virtue of its corporate existence. The further argument, that the insertion of a provision in the certificate of incorporation authorizing the corporation to dispose of its entire property, except franchises, to a foreign corporation upon the consent of a less percentage of the capital stock than the whole, is effective as the unanimous and irrevocable consent of all stockholders given in advance to such a disposition, does not appeal to us as sound. A subscriber to. the capital stock of a corporation is undoubtedly bound by such provisions of the certificate of incorporation as are lawfully inserted therein; but, as the provision here is not one required by the statute, it would not be effective to bind them, except by virtue of some lawful agreement on their part to be bound thereby. More than this, we think the provisions of section 33 of the stock corporation law above referred to stands in the way of permitting the directors of the proposed corporation to dispose of its entire property as above stated to a foreign corporation upon the consent of two-thirds only of its stockholders, because that section requires the consent of 95 per cent. thereof for such disposition.

The order should be affirmed, with costs. All concur.