In the Matter of the Application of ARTHUR BERNSTEIN and Others, Petitioners, for a Peremptory Order of Mandamus against ROBERT MOSES, Secretary of State, Respondent.

Supreme Court, Albany County, October 30, 1928.

*Samuel A. Hirshowitz*, for the application.

*Albert Ottinger, Attorney-General* [*George W. Davis* of counsel], opposed.

NICHOLS, J. This is an application for a peremptory order of mandamus to require the Secretary of State to file a certificate of incorporation under the Membership Corporations Law.

The certificate was executed in due form of law and had indorsed upon it the approval of a justice of the Supreme Court of the First Department. Section 10 of the Membership Corporations Law provides: " Five or more persons may become a membership corporation for any lawful purpose, * * * except a purpose for which a corporation may be created under any general law other than this chapter." In the certificate sought to be filed, the objects of the corporation are to make loans out of the common funds of the corporation and to collect the same together with dues, assessments and other contributions.

Section 2 of the Business Corporations Law (now incorporated in section 5 of the Stock Corporation Law of 1923) provided for the incorporations as follows: " Three or more persons may become a stock corporation for any lawful business purpose or purposes other than a moneyed corporation, or a corporation provided for by the banking, the insurance, the railroad and the transportation corporations laws, or an educational institution or corporation which may be incorporated as provided in the education law." From this there are excepted the provisions of section 7 of the Stock Corporation Law (formerly section 2-a of the Business Corporations Law), which forbid the formation of corporations for the practice of law. Therefore the certificate of the proposed corporation is in conflict with section 5 of the Stock Corporation Law. Such a corporation might be formed under the Banking Law, and perhaps under the Stock Corporation Law.

I think it was the duty of the Secretary of State to pass upon the question both as to the form of the certificate and as to whether or not it was entitled to be filed under the statute, and the right to file a certificate of incorporation exists only in behalf of those who bring themselves within the terms of the act under which they seek to incorporate. (*People ex rel. Barney* v. *Whalen*, 56 Misc. 278; affd., 119 App. Div. 749; affd., 189 N. Y. 560.) I, therefore, deny the application for a peremptory order of mandamus, with ten dollars costs.

The Attorney-General may forward to me a proposed order in accordance with the foregoing. I am sending all the papers in the case to the Attorney-General, except the relator's memorandum, which is herewith forwarded to his attorney.