Samuel M. Gold, J.
 

 These actions arise from a dispute among the individual parties, who are the stockholders and directors of the defendant corporation, as to the legal requirements governing -the right, power and authority of defendant corporation to sell its real estate.
 

 The certificate of incorporation of the defendant corporation, filed with the Secretary of State on May 9, 1924 provides that no sale or exchange of its real estate may be made unless authorized "by owners of at least 75% of its outstanding capital stock. At the time its certificate was filed, section 20 of the Stock Corporation Law permitted a stock corporation to sell and convey its property with the consent of the holders of record of two thirds of its outstanding shares entitled to vote thereon. To the extent that the certificate required more than a two-thirds vote, it was, therefore, invalid (cf.
 
 People ex rel. Barney
 
 v.
 
 Whalen,
 
 56 Misc. 278, affd, 119 App. Div. 749, affd. 189 N. Y. 560). The fact that the certificate was accepted for filing did not have the effect of legalizing any provisions therein contained which were not otherwise legal. The certificate, in the circumstances, must be construed as requiring only a two-thirds vote, which is also the vote required according to the
 
 *24
 
 provisions of the proprietary leases held by the tenant-stockholders of defendant corporation.
 

 In 1954, section 20 was amended (L. 1954, ch. 810) so as to permit a stock corporation to sell its property
 
 “ except as otherwise provided by
 
 * * *
 
 its certificate of incorporation”
 
 without any stockholders ’ consents, unless the sale
 
 ‘1
 
 is not made in the regular course of business of the corporation and involves all or substantially all of its property ” in which event approval by a two-thirds vote of the stockholders is made mandatory. The 1954 amendment could not, however, retroactively make legal the theretofore invalid requirement of a three-fourths vote. Since the certificate of incorporation, as previously pointed out, must be read as requiring a two-thirds vote, the 1954 amendment did not alter the necessity of obtaining the approval of owners of two thirds of the outstanding stock in order to sell the corporation’s real property.
 

 In 1948, section 9 of the Stock Corporation Law was enacted. That section authorizes a certificate of incorporation or an amendment thereof, to require a greater number of votes or consents of stockholders for the transaction of any business 1 ‘ than the proportion prescribed by law in the absence of such provision” (§ 9, subd. 1, par. d). That statute was designed to overcome the decision in
 
 Benintendi
 
 v.
 
 Kenton Hotel
 
 (294 N. Y. 112). that by-laws which required a greater number of votes than the number required by section 55 of the Stock Corporation Law were invalid. In the course of its opinion the Court of Appeals said (p. 118): “That whole concept is destroyed when the stockholders, by agreement, by-law
 
 or certificate of incorporation
 
 provision * * * give the minority interest an absolute, permanent, all-conclusive power of veto ” (emphasis supplied). The 1948 statute is, however, inapplicable to the 1924 certificate of incorporation here involved, for section 2 of chapter 862 of the Laws of 1948 provides :
 
 ‘1
 
 nothing herein contained shall be construed to change the effect of any provision of a certificate of incorporation or other certificate heretofore filed pursuant to law, or by-law heretofore enacted, or agreement heretofore made, or to change the effect of section fifty-one of the Stock Corporation Law.”
 

 The court finds that the change of vote by plaintiff Shoket was timely and should have been given effect. The rule is that a stockholder may correct a mistake before the result of the balloting “ is
 
 finally
 
 announced ” (emphasis supplied);
 
 (Matter of Young
 
 v.
 
 Jebbett,
 
 213 App. Div. 774, 779; 5 Fletcher’s Cyclopedia Corporations [Perm. ed.], § 2017; 3 Cook, Corporations [8th ed.], p. 2111). The announcement of the vote, made before
 
 *25
 
 the meeting was recessed to an adjourned date, was not final, for it was expressly agreed that it was subject to recheck. Indeed, the recheck, made after Shoket expressed her desire to change her vote, resulted in a different tally from the one which had been announced. Although the attempt to amend the charter so as to require only a two-thirds vote, was, therefore, defeated, this result is of no consequence, in view of the fact that the charter, as filed in 1924, must be read as requiring a two-thirds vote. The mere fact that its literal language illegally required the votes or consents of more than two thirds of the outstanding stock did not have the effect of making such provision wholly void. The provision was void only to the extent that it was illegal, viz., only to the extent that it required a greater than two-thirds vote.
 

 The contention of the defendant corporation that because it is a real estate corporation it may sell its property without stockholders’ approval or consents (see
 
 Eisen
 
 v.
 
 Post,
 
 3 N Y 2d 518;
 
 Matter of Rochner
 
 v.
 
 Gracie Manor,
 
 6 N Y 2d 280) is without merit. The doctrine of the cases cited is predicated upon the court’s construction of that part'of section 20 of the Stock Corporation Law which requires a two-thirds vote if the sale is not made in the regular course of the corporation’s business. The language of said portion of section 20 is, however, part of a proviso which is only applicable if the certificate of incorporation or the law generally does not impose restrictions upon the sale of the corporate property (“ except as otherwise provided by law or by its certificate of incorporation”). Since the certificate of incorporation of defendant corporation must be construed as requiring the vote or consents of two thirds of the outstanding stock, the question of whether the sale is to be regarded as made “ in the regular course of business ” does not arise and is of no consequence.
 

 For the reasons indicated, judgment is granted to plaintiffs only to the extent of declaring that the proposed amendment of the charter was not validly adopted and directing that the filing thereof shall be cancelled. Judgment is directed for defendants upon their counterclaim, declaring that the provision of the certificate of incorporation, requiring the votes or consents of three fourths of the outstanding stock is valid only to the extent of making necessary the votes or consents of two thirds of the outstanding stock. The complaint and counterclaim are dismissed insofar as they seek relief not hereinabove expressly granted. The foregoing represents the decision of the court. Settle decree on five days’ notice.