Louis G. Bruhn, J.
This is a proceeding pursuant to article 78 of the Civil Practice Law and Rules for a judgment directing and compelling the respondent to accept for filing the original executed certificate of consolidation of a corporation created under the provisions of the .Stock 'Corporation Law with one created under the provisions of the Membership Corporations Law.
*52 The law seems amply settled that mandamus will only issue to compel the performance of prescribed acts to which the petitioners have a clear legal right. (People ex rel. Empire City Trotting Club v. State Racing Comm., 190 N. Y. 31; Matter of Picone v. Commissioner of Licenses, 241 N. Y. 157; Matter of Small v. Moss, 277 N. Y. 501, 507; Matter of Gimprich v. Board of Educ., 306 N. Y. 401, 405-406.)
Have the petitioners demonstrated such a clear legal right?
Section 50 of the Membership Corporations Law provides, in part: “ Any two or more membership corporations incorporated under or by general or special laws, for kindred purposes, may enter into an agreement for the consolidation of such corporations and such corporations may be consolidated so as to form a single corporation ”. (Italics supplied.)
Section 2 of the Membership Corporations Law provides, in part: “ The term ‘ membership corporation ’ means a corporation not organized for pecuniary profit, incorporated under this chapter, or under any law repealed by this chapter ”. (Italics supplied.)
Obviously since one of the corporations to the consolidation was not incorporated under this chapter but rather under the Stock Corporation Law and was organized for profit, it would appear that this consolidation could not properly be approved. (Selkir v. Klein, 50 Misc. 194, 197.)
The petitioners argue, however, that since the Justice who issued the order of consolidation made a determination that the corporation which had been organized under the Stock Corporation Law conducted its operation as a de facto membership corporation, that his determination is final and the respondent consequently has only a ministerial act to perform in its filing.
The fallacy of such argument has already been demonstrated in part by the quoted portions of the Membership Corporations Law.
In addition, the law seems clearly resolved that to determine the status of a corporation and to ascertain the purposes for which it was incorporated recourse should be had to the statute under which it was formed. (Matter of De Peyster, 210 N. Y. 216, 219. )
Applying such test would certainly preclude any determination of the posture assumed by the corporation in its operation subsequent to organization as a justification for approval of consolidation.
Furthermore, the law seems equally well resolved that corporations cannot consolidate without legislative rather than judicial authority.
*53 In other words, judicial approval cannot be substituted for legislative authority or contrary legislative direction.
The petitioners’ further argument that the respondent, under the circumstances, performs a purely ministerial act is likewise without merit since judicial approval alone does not give the certificate a benediction or finality which immunizes it from challenge by the Secretary of State.
The principle involved was best expressed in the oft-cited case of People ex rel. Blossom v. Nelson (46 N. Y. 477) when at page 480, the court stated: “ The Secretary of State is not required to file a certificate for the organization of a corporation not authorized by the act. * * * The consent and approbation
of a justice of the Supreme Court, required by the act, as [sic] but one of the conditions precedent to the right to file the certificate, and is cumulative to the other requisites of the act, but decides nothing, and is not conclusive either upon the public or the Secretary of State.” (Italics supplied.) (See, also, Matter of Daughters of Israel Orphan Aid Soc., 125 Misc. 217; Matter of Bernstein v. Moses, 133 Misc. 513.)
Therefore, in view of the foregoing, it is this court’s determination that the petitioners have failed to demonstrate a clear right to mandamus relief and for that reason, in the exercise of discretion, the application is denied.