### In re BARKER et al.

(Supreme Court, Appellate Division, First Department. December 3, 1909.)

1. CORPORATIONS (§ 45*)—NAME—"LLOYDS"—"INSURANCE."
   The word "Lloyds" has, by use, come to be understood by the general public as synonymous with "insurance."
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 130, 131; Dec. Dig. § 45.*
   For other definitions, see Words and Phrases, vol. 5, p. 4194; vol. 4, pp. 3674–3677.]

2. CORPORATIONS (§ 45*)—CORPORATE NAME.
   Under General Corporation Law (Laws 1909, p. 15, c. 28 [Consol. Laws, c. 23]) § 6, providing that no corporation shall be organized with the name of "insurance" in it, except a corporation formed under the banking or the insurance law, a corporation cannot be formed under the business corporations law with the name "Lloyds" in its name, as that word has by use become synonymous with "insurance."
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 130, 131; Dec. Dig. § 45.*]

Appeal from Special Term, New York County.

Application of Wendell P. Barker and others for a writ of mandamus to the Secretary of State. From an order denying the application, applicants appeal. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Robert Van Iderstine, for appellants.
Amos H. Stephens, for respondent.

McLAUGHLIN, J. Wendell P. Barker and others, the appellants, desired to form a corporation under the business corporations law of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the state of New York to do a general business as insurance agent or broker. They accordingly tendered to the Secretary of State a certificate of incorporation, together with the fees for filing and recording the same. The name of the proposed corporation was stated in the certificate to be "Lloyds, New York, Incorporated." The Secretary of State refused to file the certificate or accept the fees, on the ground that certain "Lloyds" companies were already lawfully doing business in the state. The appellants then applied for a peremptory writ of mandamus to compel him to file and record the certificate. The application was denied, and they appeal.

In opposition to the motion there was submitted an affidavit by the State Superintendent of Insurance, from which it appeared that an unincorporated association or partnership known as "Lloyds, New York," was already doing an insurance business in the state of New York. The proposed corporation was to act as agent for this association, and objections were made, not only because of the similarity of the names, which would be likely to deceive the public, but also on the ground that the association was not lawfully entitled to do an insurance business. The Superintendent of Insurance also objected to the name chosen for the corporation on the ground that the word "Lloyds" has become synonymous with "insurance" and that section 6 of the general corporation law (chapter 28, p. 15, Laws 1909 [Consol. Laws, c. 23]) provides that no corporation shall be organized with the name "insurance" in it, except a corporation formed under the banking or the insurance law. The object of the statute referred to was to prevent any corporation, except one subject to control of the insurance department, from using in its corporate name the word "insurance" and posing as an insurance company, when it was not in fact.

It is strenuously urged by the appellants that the word "Lloyds" is not synonymous with "insurance." Nevertheless it is not and cannot be seriously denied that by the use of the word it has come to be so understood by the general public. That being so, if the proposed corporation is allowed to use the word "Lloyds" as a part of its corporate name, when it is not an insurance corporation and cannot do an insurance business, but simply act as agent, the result necessarily will be to deceive or mislead the public, and that is precisely what the statute was designed to prevent. It is true the statute does not expressly prohibit the use of the word "Lloyds" as a part of the name of a corporation; but its use would be none the less an imposition upon the public, and contrary to public policy, as indicated by the statute.

I am of the opinion, therefore, that the Secretary of State was justified in refusing to file the certificate, and the court did not err in denying the application for a peremptory writ to compel him to do so.

The order appealed from is affirmed, with $10 costs and disbursements. All concur.