### In re INCORPORATION OF HOWARD AID SOCIETY.

(Supreme Court, Kings County, Special Term. August 22, 1916.)

CORPORATIONS ☞45—NAME—"AID"—"BENEFIT."

Under General Corporation Law (Consol. Laws, c. 23) § 6, as amended by Laws 1913, c. 24, providing that no corporation, except one formed under the banking or the insurance law, shall be organized with the word "benefit" as part of its name, the use of the word "aid" in the name is not allowable, as that would clearly lead the general public to believe that some "benefit" was to be derived from membership in the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 130, 131; Dec. Dig. ☞45.

For other definitions, see Words and Phrases, First and Second Series, Aid; Benefit.]

Application for approval of the certificate of incorporation of Howard Aid Society, Incorporated. Denied.

L. & J. Weinberger, of New York City, for the motion.

CROPSEY, J. The approval of the court is sought to the certificate of incorporation of "Howard Aid Society, Incorporated," as a membership corporation. The objects of the proposed corporation are stated as follows:

"Voluntarily to render and give aid and assistance to its members and their families, to foster and promote social intercourse and good feeling among them, and generally by voluntary and mutual aid and assistance to promote and advance the welfare of the members and their families."

Just what aid and assistance would be rendered to its members and their families is not definite, as such aid and assistance is only to be rendered "voluntarily." Just what the real object of incorporating would be is not plain. Several similar applications have been made to the court on the same day, each seeking the approval to the certificate of incorporation of an "aid" society. If such corporations are to render any financial aid or assistance to their members, it can be done only by receiving dues or assessments or levying charges of some kind upon their members. If that is the real scope of these proposed corporations, it may be a question whether they can properly be incorporated under the Membership Corporations Law (Consol. Laws, c. 35) and whether they should not properly come under the Insurance Law (Consol. Laws, c. 28).

But it is not necessary to determine this at this time, for this certificate of incorporation cannot be approved because of the name of the proposed corporation. Section 6 of the General Corporation Law, as amended by Laws of 1913, c. 24, provides that:

"No corporation shall be hereafter organized under the laws of this state with the word 'trust,' 'bank,' 'banking,' 'insurance,' 'assurance,' 'indemnity,' 'guarantee,' 'guaranty,' 'title,' 'casualty,' 'surety,' 'fidelity,' 'savings,' 'investment,' 'loan,' or 'benefit' as part of its name, except a corporation formed under the Banking Law or the Insurance Law."

While the statute does not expressly provide that the word "aid" shall not be used in the corporate name, it seems clear that the meaning of the statute and the intent of the Legislature was to prohibit such use. Under this provision of the statute, it has been held that the word "Lloyds" could not appear in the name of a corporation other than one formed under the Banking or Insurance Law; and it was so held, notwithstanding the statute did not expressly prohibit the use of that word, and although it was strenuously urged that that word was not synonymous with "insurance." It was held that it could not be seriously denied that, by the use of the word "Lloyds," it had come to be understood by the general public as meaning "insurance," and that the result would be to mislead the public, which was "precisely what the statute was designed to prevent." The court also said:

"It is true the statute does not expressly prohibit the use of the word 'Lloyds,' as the part of a name of a corporation, but its use would be none the less an imposition upon the public and contrary to the public policy as indicated by the statute." Matter of Barker, 135 App. Div. 16, 119 N. Y. Sup. 777.

All that was said in that case applies with equal force to the matter now before the court. The use of the word "aid" in the name of the

corporation would clearly lead the general public to believe that some "benefit" was to be derived from a membership in it. As the word "benefit" is expressly barred by the statute, it should follow that no corporation, other than one organized under the Banking and Insurance Law, should be authorized whose name contains the word "aid." This certificate of incorporation is disapproved.