Matter of ANTIPOLLER MUTUAL AID SOCIETY, INC.

(Supreme Court, Kings Special Term, July, 1917.)

Corporations — certificates of incorporation disapproved — membership corporations — General Corporation Law, § 6, as amended by Laws of 1913, chap. 24.

> As the word " benefit " is expressly barred by section 6 of the General Corporation Law, as amended by chapter 24 of the Laws of 1913, as a part of the name of a corporation, except one formed under the Banking Law or the Insurance Law, a certificate of incorporation of a mutual aid society as a membership corporation cannot be approved, as the use of the word " aid " in the name of the corporation would lead the general public to believe that some " benefit " was to be derived from a membership therein.

APPLICATION for approval of a certificate of incorporation.

Morris Cahan, for petitioner.

CROPSEY, J. The approval of the court is sought to the certificate of incorporation of the above concern

Supreme Court, July, 1917.        [Vol. 100.

as a membership corporation. "The particular objects" of the proposed corporation are stated as follows: "To visit sick friends and comfort and encourage them; to console the widows and orphans of deceased members; to assist members voluntarily when these members are in straitened circumstances." Just what assistance would be rendered to its members is not definite as such assistance is only to be rendered "voluntarily." Nor is the need of incorporating apparent for the purpose of visiting, comforting, encouraging or consoling friends and families of members. What the real object of incorporating would be is not plain. A number of similar applications have been made each seeking approval of a certificate of incorporation of an "aid" society. If such corporations are to render any financial aid or assistance to their members it can be done only by receiving dues or assessments or levying charges of some kind upon their members. If that is the real scope and purpose of such proposed corporations it may be a question whether they can properly be incorporated under the Membership Corporations Law and whether they should not properly come under the Insurance Law. But it is not necessary to determine this now, for this certificate of incorporation cannot be approved because of the name of the proposed corporation.

Section 6 of the General Corporation Law, as amended by Laws of 1913, chapter 24, provides that: "No corporation shall be hereafter organized under the laws of this state with the word 'trust,' 'bank,' 'banking' 'insurance,' 'assurance,' 'indemnity,' 'guarantee,' 'guaranty,' 'title,' 'casualty,' 'surety,' 'fidelity,' 'savings,' 'investment,' 'loan' or 'benefit' as part of its name, except a corporation formed under the banking law or the insurance law." While

the statute does not expressly provide that the word
" aid " shall not be used in the corporate name, it
seems clear that the meaning of the statute and the
intent of the legislature were to prohibit such use.
Under this provision of the statute it has been held
that the word " Lloyds " could not appear in the
name of a corporation other than one formed under
the Banking or Insurance Law and it was so held not-
withstanding the statute did not expressly prohibit
the use of that word and although it was strenuously
urged that that word was not synonymous with " in-
surance." It was held that it could not be seriously
denied that the word " Lloyds " had come to be
understood by the general public to mean " insur-
ance " and that the result would be to mislead the
public which was " precisely what the statute was
designed to prevent." And the court also said: " It
is true the statute does not expressly prohibit the use
of the word ' Lloyds ' as a part of the name of a cor-
poration, but its use would be none the less an imposi-
tion upon the public and contrary to public policy as
indicated by the statute." *Matter of Barker,* 135 App.
Div. 16. All that was said in this case applies with
equal force to the application now before the court.
The use of the word " aid " in the name of the cor-
poration would clearly lead the general public to
believe that some " benefit " was to be derived from
a membership in it. As the word " benefit " is
expressly barred by the statute it should follow that
no certificate of incorporation other than one formed
under the Banking or Insurance Law should be
approved which contains the word " aid " in its
name. This certificate of incorporation is disap-
proved.

Certificate disapproved.