J. Irwin Shapiro, J.
This is an application for approval of a certificate of incorporation of “ Sidney Gelb Chapter for Cancer Research, Inc. ” pursuant to the Membership Corporations Law of this State.
The avowed objects of the proposed corporation, laudable indeed, are among other things, set forth as follows:
“ To receive and maintain funds and apply the income and principal thereof to promote the well-being of mankind throughout the world. It shall be within the purposes of said corporation to use, as means to that end, research, publications, the establishment and maintenance of charitable, benevolent and medical research activities, agencies and institutions and the aid of any such activities, agencies and institutions already established, and any other means, persons, or agencies which, from time to time, shall seem expedient to its members or directors and which shall further the purposes above named. To take and hold by bequest, devise, gift, purchase or lease, either absolutely or in trust, for any of its purposes, property real or personal, without limitation as to amount or value, except such limitations, if any, as may be imposed by law; to convey such property, and to invest and reinvest any principal and to deal with, and expend the income and principal of the corporation in such manner as in the judgment of its members and directors will best promote its objects.
“ The corporation is not organized for pecuniary profit nor shall it have any power to issue certificates of stock or declare dividends, and no part of its net earnings shall inure to the benefit of any member, director or individual. The balance, if any, of all moneys received by the corporation from its opera *600 tions, after the payment in full of all debts and obligations of the corporation of whatsoever kind and nature, shall be used and distributed exclusively for charitable, scientific and educational purposes.
“ With power, for its corporate purposes, to borrow money, and, from time to time, make, accept, endorse, execute, and issue bonds, debentures, promissory notes, bill of exchange, or other obligations of the corporation for moneys borrowed or in payment for property acquired or for any of the other objects or purposes of the corporation or its business, and to secure the payment of any such obligation by mortgage, pledge, deed, indenture, agreement, or other instrument of trust, or by other lien upon, assignment of, or agreements in regard to all or any part of the property, rights, or pledges of the corporation wherever situated, whether now earned or hereinafter to be acquired.”
In order to enable it to carry on the purposes thus set forth, it is provided in the proposed certificate of incorporation, as above set forth that out of its net earnings, “ all moneys received by the corporation from its operations, after the payment in full of all debts and obligations of the corporation of whatsoever kind and nature, shall be used and distributed exclusively for charitable, scientific and educational purposes.”
One can only commend most highly persons who are genuinely interested in doing something to prevent the spread of cancer and to alleviate the effects of this dreaded scourge of mankind, but there is nothing before the court to indicate why these proposed incorporators cannot channel their efforts in a fight against cancer through existing and recognized cancer prevention agencies.
If this proposed corporation can fill an existing void in the fight against cancer, the facts in support thereof, properly implemented, should be set forth together with the interests of the proposed incorporators therein, with sufficient detail about themselves to assure the court that the proposed incorporation is sought in good faith, and that it will properly serve the needs of the community.
Most of us are aware of the fact that there are too many organizations which, in the name of worthwhile causes, extract many thousands, if not hundreds of thousands of dollars annually from our populace, the bulk of which moneys goes to the promotors of the drive instead of being used for the purposes intended by the donors of the funds.
This court will not approve the creation of a corporation which may be used as a vehicle for such a purpose. The pro *601 posed incorporators, I am sure, will agree with the caution which the court is exercising in the premises.
The application for approval of the proposed certificate of incorporation is, therefore, denied, without prejudice to renewal upon compliance with the conditions above set forth.