Benjamin Brenner, J.
This is an application for judicial approval of a proposed certificate of incorporation of Aid Foundation, Inc. under the Membership Corporations Laiv. The purposes of the corporation are stated to be exclusively charitable. The Avord “ aid ” has been construed to be synonymous Avith “ benefit ” and its inclusion in the corporate name disapproved (General Corporation Luav, § 9; Matter of Howard Aid Soc., 160 N. Y. S. 789; Matter of Antipoller Mut. Aid Soc., 100 Misc. 589). The inclusion in the corporate title of the Avord “ aid ” is not the sole objection since the scope of the charitable purposes is vague and the nature and extent of the proposed activities quite unclear. HoAvever, the attorney for the applicant does reveal the folloAving: “ The funds that are to be contributed to the corporation avíII be distributed to AvorthAvhile charitable and philanthropic endeavors pursuant to the terms of the certificate of incorporation.”
There is, thus, an even more basic objection to the certificate. The incorporation of a membership corporation, Avhose purposes are generalized charities rather than mutual help among members, and Avhose true function is to act as intermediary betiveen donor and recipient, must be vieAved Avith suspicion since such charitable agency is merely duplicative of those already in *315 existence. For example, judicial approval was denied to an incorporation for cancer research nnder the Membership Corporations Law, whose moneys were to be used exclusively for charitable, scientific and educational purposes (Matter of Gelb Chapter for Cancer Research, 17 Misc 2d 599), because the incorporators failed to indicate why they could not channel their efforts in a fight against cancer through existing and recognized cancer prevention agencies; the court stating (p. 600): “ Most of us are aware of the fact that there are too many organizations which, in the name of worthwhile causes, extract many thousands, if not hundreds of thousands of dollars annually from our populace, the bulk of which moneys goes to the promotors of the drive instead of being used for the purposes intended by the donors of the funds. ’ ’
Judicial approval was denied for similar reasons in Matter of Incorporation of Humanity Club (155 N. Y. S. 2d 210).
It is my own view that the many drives for legitimate charity in this great city are so well organized, modernized and professionally competent that both old and new charitable workers should be guided by and affiliated with them so long as such existing agencies remain effective. Where outside intermediaries act independently.to obtain and disburse funds to available charitable agencies this only tends to jeopardize organized plans, goals and drives even if the intervening agency is competently and honestly managed. Judicial approval of the application is, therefore, denied.