THE PEOPLE ex rel. JOSIAH B. BLOSSOM et al., Respondents, *v.* HOMER A. NELSON, Secretary of State, Appellant.

A corporation cannot be formed, under the act for the incorporation of benevolent, charitable, scientific, and missionary societies (chapter 319, Laws of 1848), except for some or one of the purposes therein named. The right to file a certificate in the office of the Secretary of State, by which a body politic and corporate is to be *ipso facto* created, only exists in behalf of those who bring themselves within the terms of the act.

A corporation for business purposes, having in view pecuniary gain and profit to the corporators, does not come under this act, although it may contemplate the promotion of the temporal interests of others.

The consent and approbation of a justice of the Supreme Court required by the act, is but one of the conditions precedent to the right to file the certificate, and is neither conclusive upon the public nor upon the Secretary of State, who is not required to file a certificate unauthorized by the act.

(Argued November 14th, 1871; decided November 21st, 1871.)

APPEAL from an order of the General Term of the Supreme Court in the third department, reversing an order made at

Special Term denying an application for a mandamus. (Reported below, 3 Lansing, 394; 10 Abb. Pr. U. S., 200.)

A mandamus was applied for, to compel the defendant to file a certain certificate, for the incorporation of the "Mutual Reliance Society," on the claim, that it was within the "Act for the incorporation of benevolent, charitable, scientific and missionary societies," passed 12th April, 1848, and the acts amendatory thereof.

The certificate stated: "That the object for which the said society is formed is benevolent; by the association and co-operation of its members, by their contributions and the contributions of others, to provide a relief fund; also to aid persons of moderate pecuniary resources in obtaining from a reputable insurance company insurance on their lives, and in maintaining the necessary payments on the same; and to secure to families of persons so insured an immediate advance of funds in case of death." The certificate is signed by eight persons, and was acknowledged by them on the 8th of April, 1871. The principal office of the society is in the city of New York; and there is attached to the certificate the following: "I consent to and approve of the filing of the within certificate," which is signed by one of the justices of the Supreme Court of the first judicial district. The certificate was presented to the Secretary of State on the 14th day of April, 1871, and he refused to file it in his office.

*A. J. Parker*, for appellant.

*W. P. Prentice and J. H. Reynolds*, for respondents. That under Laws of 1848, chapter 319, relators had a right to file the certificate. (*The People* v. *Taylor*, 1 Abb. N. S., 200; *The People* v. *Minor*, 37 Barb., 466; *Ex parte, Calvin Goodell*, 14 John., 325; *The People* v. *Mead*, 24 N. Y., 119; *The People* v. *Common Council, etc.*, 20 How., 491; *In re Life and Fire Ins. Co. of N. Y.* v. *Wilson's Heirs*, 8 P., 291; *The People* v. *Mitchell*, 45 Barb., 208; *The People* v. *Martin*, 58 Barb., 286.) No discretionary or judicial power

is given to Secretary of State in reference to such certificates. (*The People* v. *Supervisors of Schenectady,* 35 Barb., 408; *The People* v. *Mitchell,* 45 Barb., 208.) The incorporators have done all the law required. (*The People* v. *Minor,* 37 Barb., 446; *The People* v. *Mitchell,* 45 Barb., 208; *The People* v. *Supervisors of Schenectady,* 35 Barb., 408, esp. pp. 423, 426.) The decision of the justice of the Supreme Court, who approved of this certificate, cannot be collaterally reviewed by the Secretary of State or by a clerk of the court. (*People* v. *Collins,* 19 Wend., 56; *The People* v. *Supervisors, etc.,* 5 Cow., 292; *Supervisors of Onondaga* v. *Briggs,* 2 Den., 26, 34, 36; *The People* v. *The Contracting Board,* 33 N. Y., 382; *The People* v. *Halsey,* 37 N. Y., 344; *The People* v. *Attorney-General,* 22 Barb., 114; *Ex parte Johnson,* 3 Cow., 371; *The People* v. *Mitchell,* 45 Barb., 208; *The People* v. *Martin,* 58 Barb., 286.) For violation of law by this corporation, the law itself will have a remedy. (2 R. S., 605, Edm. ed.; *The People* v. *Utica Ins. Co.,* 15 Johns., 358.)

PER CURIAM. The act for the incorporation of benevolent, charitable, scientific and missionary societies (chap. 319 of the Laws of 1848), authorizes any five or more persons, who shall desire to associate themselves " for benevolent, charitable, literary, scientific, missionary or mission or other Sabbath school purposes, to make, sign and acknowledge and file in the office of the Secretary of State, and also in the office of the clerk of the county in which the business of such society is to be conducted, certificates in writing, stating the name by which the society shall be known, the particular business and objects of such society, the number of trustees, etc., and declares that, upon filing such certificate, the persons who shall have signed and acknowledged the same, and their associates and successors, shall thereupon be a body politic and corporate," etc.

A corporation cannot be formed under this act, except for some or one of the purposes named in it, and the right to file

a certificate in the office of the Secretary of State, by which a body politic and corporate is to be *ipso facto* created, only exists in behalf of those who bring themselves within the terms of the act, and do in fact associate themselves for some of the benevolent, literary or religious objects contemplated.

The Secretary of State is not required to file a certificate for the organization of a corporation not authorized by the act.

A compliance with the act, as well in substance, by associating for one or more of the authorized objects, as in form, by signing and acknowledging a proper certificate, stating the facts required, is a condition precedent to the right of the associates to avail themselves of the act, and place the certificate on file.

The object and purposes of the " Mutual Reliance Society," as set forth in the certificate of association, are clearly not among those specified in the act, and for which corporations may be created under it. It is evidently a corporation for business purposes, having in view pecuniary gain and profit to the corporators. It may contemplate the promotion of the temporal interests of others, but such object is merely incidental to the chief end of the association. The consent and approbation of a justice of the Supreme Court, required by the act, as but one of the conditions precedent to the right to file the certificate, and is cumulative to the other requisites of the act, but decides nothing, and is not conclusive either upon the public or the Secretary of State. The relators have not established a right to file this certificate under the act for the formation of benevolent, charitable, literary or religious societies, and the Secretary of State was justified in declining to file the same. It did not properly belong to the records of his office.

The order of the General Term must be reversed, and that of the Special Term affirmed, with costs.

Church, Ch. J., Allen, Grover and Peckham, JJ., concur; Folger, J., dissents; Rapallo, J., not voting.

Order reversed.