The People of the State of New York ex rel. George L. Daven- port, Appellant, v. Frank Rice, as Secretary of State, Respondent.

*Mandamus against the Secretary of State — judicial district in which the application should be made — his powers — purposes comprehended in chapter 267 of 1875.*

*Query,* whether an application for a mandamus to compel the Secretary of State of New York to file a certificate of incorporation must be made within the third judicial district, which includes the city of Albany, where the office of that official is located, when the material facts involved occurred in some other district.

The Secretary of State is not a mere ministerial officer, in reference to filing a certificate of incorporation under chapter 267 of the Laws of 1875, entitled "An act for the incorporation of societies or clubs for certain lawful purposes," and he is not bound by the approval of a justice of the Supreme Court of such a certificate, nor is such approval conclusive upon him.

The Secretary of State has a right, upon presentation for filing in his office of a certificate of incorporation under said act, to pass upon the question as to the form of the certificate and as to whether or not it is entitled to be filed under the statute, subject to review in a proper proceeding.

*Semble,* that chapter 267 of the Laws of 1875 was not intended to embrace an incorporation "to establish and create a helpful opportunity for thrift among cash purchasers upon their individual and family expenditures, by providing for commissions from tradesmen on cash sales, which are to benefit, through the company, the purchasers."

APPEAL by the relator, George L. Davenport, from an order of the Supreme Court, made at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 9th day of January, 1893, denying the relator's application for a peremptory mandamus to compel the Secretary of State to file a certificate of incorporation.

*Joseph Fitch,* for the appellant.

*S. W. Rosendale, Attorney-General,* for the respondent.

O'BRIEN, J.:

The certificate of incorporation of the Universal Thrift Company, of New York is drawn under chapter 267 of the Laws of 1875, entitled "An act for the incorporation of societies or clubs for certain lawful purposes." It was drawn and executed in this city, and the approval and consent to its filing by a justice of this court was annexed. The particular business and object of this corporation, as stated in its certificate, "is to establish and create a helpful opportunity for thrift among cash purchasers upon their individual and family expenditures, by providing for commissions from tradesmen on cash sales, which are to benefit, through the company, the purchasers." The certificate approved by the justice of this court was forwarded to the Secretary of State, who refused to file it upon the ground, as stated in the letter of his deputy, that "these objects are of a business nature and are, therefore, not authorized under the act mentioned." (Chap. 267, Laws 1875.) "Said act is for the incorporation of societies or clubs, and not for the carrying on of the business contemplated by the proposed corporation."

This application for a peremptory mandamus to compel the Secretary of State to file such certificate was the result of the Secretary's refusal; and upon the application the motion was denied, without passing upon the other questions, upon the ground that it should have been made in the third district, which includes the city

of Albany. The judge at Special Term relied upon the case of *Mason* v. *Willers* (7 Hun, 23), which held that a motion for a mandamus to compel the Secretary of State to file a certificate of incorporation can only be made in the third judicial district or a county adjoining thereto. In the opinion by TALCOTT, J., attention is called to "the great inconvenience and detriment to the public business which must result if motions of this character can be made in any one of the numerous Special Terms of the State, and public officers be compelled to justify their official acts, at all times, away from the neighborhood of their offices and their books and papers."

This consideration of the convenience of public officers and detriment to public business is potent in all cases where a legal ground can be found for requiring parties, as they should be required, to apply in the third district. But this is, however, quite different from holding that a judge in any other district has no jurisdiction to entertain applications for mandamuses against public officials whose offices are at Albany. In the case referred to, the court was construing the third Revised Statutes, chapter 9, title 2, section 16 (5th ed. p. 898), and sections 401 and 471 of the Code of Procedure all of which statutes have been repealed, section 401 of the old Code being re-enacted in the Code of Civil Procedure as section 769, and mandamus applications being specially provided for by the present Code in sections 2068 and 2084. By section 2068 of the Code of Civil Procedure it is provided that "the Special Term (granting a mandamus) must be one held within the judicial district embracing the county wherein an issue of fact joined upon an alternative writ of mandamus is triable." And by section 2084, "an issue of fact joined upon an alternative writ of mandamus granted at a Special Term of the Supreme Court, is triable in the county wherein it is alleged in the writ that the material facts took place."

It would seem, therefore, that applying this test, the district in which the application should be made is dependent, not upon the location of the office of an official, but rather upon where material facts, which it might be necessary to determine upon an alternative writ, had occurred. In other words, the proper district in which to make the application is to be resolved by determining in what county or place an issue of fact joined upon an alternative writ of mandamus, if granted, would be triable. And as this is dependent upon where

the material facts occurred, and as it is here made to appear that some of the material facts occurred in New York, and some in Albany, it is not entirely clear that we would be justified in sustaining the view taken by the judge below, that the Special Term in this district had no jurisdiction to entertain the present application.

We think, however, without passing upon that question, that the disposition made must, upon other grounds, be sustained. The claim that the Secretary of State is a mere ministerial officer, and was bound by the approval of a justice of the Supreme Court, is not borne out by statute or authority.

In *People ex rel. Blossom* v. *Nelson* (46 N. Y. 477), it was held that " the Secretary of State is not required to file a certificate for the organization of a corporation not authorized by the act ; " and further, that " a compliance with the act, as well in substance, by associating for one or more of the authorized objects, as in form, by signing and acknowledging a proper certificate stating the facts required, is a condition precedent to the right of the associates to avail themselves of the act and place the certificate on file."

The same case is also authority against appellant's contention that the approval of a justice of the Supreme Court is conclusive upon the Secretary of State, for it is therein held, that " the consent and approbation of a justice of the Supreme Court required by the act is but one of the conditions precedent to the right to file the certificate, and is cumulative to the other requisites of the act, but decides nothing and is not conclusive either upon the public or the Secretary of State."

If necessary to go further in order to dispose of the question, we should hold, upon the merits, that the conclusion reached by the Secretary of State was right, for the reason that we do not think that chapter 267 of the Laws of 1875 was intended to embrace an incorporation such as was here proposed to be formed. Upon the authority, however, of *People ex rel. Blossom* v. *Nelson* (*supra*), it is sufficient for the disposition of this appeal to say, that the Secretary of State had a right to pass upon the question as to the form of the certificate, and as to whether or not the relator was entitled to have the same filed under the statute under which the company was sought to be organized, subject of course to review in a proper proceeding, and that the application to the Special Term to compel the

Secretary of State to resolve this in relator's favor was properly denied.

The order should, therefore, be affirmed, with costs and disbursements.

Van Brunt, P. J.   I concur upon the ground last stated.

Follett, J., concurred.

Order affirmed, with costs and disbursements.