(5 Misc. Rep. 378.)

PEOPLE ex rel. WOODWARD v. ROSENDALE, Attorney General.

(Supreme Court, Special Term, New York County.  October 30, 1893.)

1. MANDAMUS—TO ATTORNEY GENERAL—MINISTERIAL DUTIES.
Laws 1893, c. 725, § 10, provides that a certificate of authority shall not be granted to a proposed insurance company until the declaration and charter submitted to the superintendent of insurance "shall have been examined by the attorney general and certified by him to the superintendent to be in accordance with the requirements of law." *Held,* that the duty thus imposed on the attorney general is ministerial, though he is required to pass on questions of law in order to discharge it, and he will be compelled by mandamus to give the certificate, where the incorporators have complied with the law.

2. INSURANCE—CASUALTY COMPANIES.
Laws 1892, c. 690, art. 2, § 70, subds. 1–7, enumerate the various kinds of insurance companies that may be incorporated thereunder, and subdivision 8 provides for companies to insure "against any other casualty specified in the charter which may lawfully be the subject of insurance." *Held,* that a company may be incorporated under subdivision 8 to insure owners, lessees, tenants, etc., against loss of life, or damage to health or property, caused by imperfect sanitary condition of premises owned, leased, or occupied by them, or imperfect plumbing, bursting pipes, or leaks, "and for the doing of such other business as may be lawfully connected with the business of sanitary inspection," as such insurance is not contrary to public policy, good morals, or business principles, and is not prohibited by the preceding seven subdivisions.

Application by Reginald Woodward for a writ of mandamus to Simon W. Rosendale, attorney general of the state of New York. to compel respondent to attach his official certificate to a declaration of intention to form an insurance company, and a proposed charter, transmitted by relator and others to the superintendent of insurance.  Granted.

Woodward & Mayer, for relator.
S. W. Rosendale, in pro. per.

HERRICK, J.  The relator, with others, signed and executed a certificate or declaration of intention to incorporate an insurance company.  This certificate or declaration of intention, and proposed charter, were transmitted to the superintendent of insurance of the state, and application made to him for a certificate of incorporation.  The superintendent of insurance transmitted the same for examination and certification to the defendant, as attorney general of the state, pursuant to section 10, c. 725, Laws 1893.  The attorney general refused to attach his certificate, because, as stated by him in a communication to the superintendent of insurance, it "is not a kind of casualty insurance such as is specified in any of the subdivisions of section 70, nor is it a kind of insurance that can be lawfully carried on under said section.  I therefore decline to attach my certificate of approval to said proposed declaration and charter."  The relator, in behalf of himself and the other signers to such declaration of intention to incorporate, applies for a mandamus against the attorney general, to compel him to attach his official certificate to such declaration of intention and charter.  The

first question that is raised is as to whether a mandamus is the proper remedy.

A mandamus is a fit and proper remedy to enforce the performance of an official duty by a public officer, provided the act that is asked to be performed is not a judicial one, or one that is within the discretion of the officer proceeded against. Ordinarily, the performance of such duties will not be enforced by mandamus, any further than to compel action, without determining what such action must be. It is the appropriate remedy to compel the performance of executive and ministerial duties by public officers. People v. Mead, 24 N. Y. 114--119. A ministerial duty is one in respect to which nothing is left to discretion. It is a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law. State v. Johnson, 4 Wall. 475--498. The fact that the officer uses judgment and discretion in the performance of his duties does not make his action or powers judicial in their character. People v. Contracting Board, 27 N. Y. 378-384; People v. Walter, 68 N. Y. 403--410. It seems to me that the duties of the attorney general in this matter are entirely ministerial. The law reads:

"The superintendent shall not file such declaration and charter, or grant such certificate of authority until such declaration and charter shall have been examined by the attorney general, and certified by him, to the superintendent to be in accordance with the requirements of law." Section 10, c. 725, Laws 1893.

The duty is imposed upon him of seeing whether the proposed charter is in proper form, and whether the proposed incorporation is for the purpose of carrying on any of the kinds of insurance allowed by law. The fact that, to enable him to discharge the duties thus imposed upon him, he is required to decide questions of law, I do not think renders such duties judicial ones. A great many of the ministerial duties imposed upon public officers require, in the first instance, the determination of some question of law, as for instance, the secretary of state, in filing certificates of incorporation, has to determine whether the purposes of the proposed incorporation are within the statutes, and whether the articles are in proper legal form; and the filing by him of certificates of incorporation has been enforced by mandamus. People v. Nelson, 46 N. Y. 477; People v. Rice, 138 N. Y 151, 33 N. E. Rep. 846. So, also, the conptroller of the state has been compelled, by mandamus, to perform acts which required, in the first instance, the determination by him of some questions of law, as to whether it was his duty to do what was asked of him. People ex rel. Bockes v. Wemple, 115 N. Y. 302, 22 N. E. Rep. 272; People ex rel. Gilbert v. Wemple, 125 N. Y. 485, 26 N. E. Rep. 921. See, also, People v. Allen, 42 N. Y. 404. In this case, it is not a matter of discretion with the attorney general. If the proposed incorporators have complied with the law as to the form of their application, and their business is a lawful one, within the insurance statute, then they are entitled, as a matter of right, to their certificate of incorporation; and as they cannot receive that, except upon the certificate of the attorney general, it is his duty, when the law has been complied with, to grant such certificate.

That duty cannot be enforced by action, neither can it by certiorari. Only a judicial determination is reviewable by certiorari. People v. Hill, 126 N. Y. 497–506, 27 N. E. Rep. 789. Certiorari is a proceeding to review the acts of inferior tribunals and judicial officers, and to bring up the records of their proceedings, to see whether their actions have been in accordance with the law; but it is not a proceeding to compel officers to discharge their official duties. The fact that the attorney general is a law officer of the state does not make his duties judicial, any more than similar duties to be performed by the secretary of state, or the duties of the comptroller in the cases above cited, or the examination of such declarations and proposed charters by the superintendent of insurance prior to the passage of chapter 725 of the Laws of 1893, and granting a certificate thereon, are judicial in their character. It is the duty to be discharged, not the person discharging the duty, that determines whether it is judicial in its nature, or not. I have not been cited to any case, by either party, precisely in point; and, in the brief examination that I have been able to give to the subject, the nearest approach to it that I have been able to find is that of People v. Tremain, 17 How. Pr. 10. That was an application for a mandamus to compel the attorney general to give a certificate pursuant to the following provision of the statute:

"Whenever costs shall be adjudged against the people in any civil suit or proceeding, instituted by any officer duly authorized for that purpose, it shall be the duty of the comptroller to draw upon the treasurer for the amount thereof, upon the production of an authenticated copy of the record of judgment, with a taxed bill thereof; and upon a certificate of the attorney general that such suit was duly instituted as by law required."

It will be seen that under that statute the attorney general was required to pass upon a question of law. The court, at special term, held that a mandamus was an appropriate remedy. The order of the court, however, was reversed at general term (17 How. Pr. 142) upon another point; the court refusing to pass upon the question as to whether proceeding by mandamus was proper. The enforcement of duties to be performed by state officers, by mandamus, has been so long the practice of the courts, and in recent years, at least, unchallenged, as evidenced by the cases cited herein, that I can see no reason to depart from it now, and the fact that in this case it is the attorney general who is proceeded against, makes no difference. He is not acting as a court. If, in determining whether a proposed corporation is for the purpose of carrying on a business permitted by the statute, he falls into an error as to what the law is, as did the secretary of state and comptroller in the cases hereinbefore cited, and refuses to grant the certificate, the law can be determined, and his compliance therewith enforced, as was done in those cases. Mandamus is the most speedy and simple, if not the only, remedy in such cases. The objection, therefore, as to the form of the remedy, must be overruled.

The objection upon the merits made by the attorney general to attaching the certificate is that the application is made under subdivision 8 of section 70 of the insurance law, and that in his opinion

this "is not a kind of casualty insurance such as is specified in any of the subdivisions of section 70, nor is it the kind of insurance that can be lawfully carried on under said section." The business proposed to be carried on, as set forth in the proposed charter of the relator and his associates, as described in the proposed charter, is as follows:

"Sec. 3. The kind of business to be undertaken and carried on by said company shall be the inspection and certification as to the sanitary conditions of buildings and premises; the insurance of owners, lessees, or tenants of buildings and premises against loss or damage to life or health from causes arising from the imperfect sanitary conditions of such buildings or premises; the insurance of landlords, lessees, tenants, or occupants of houses, flats, or office buildings, or other structures, from loss occasioned by imperfect plumbing, bursting pipes, or leaks, to walls, ceilings, furniture, or goods; and for the doing of such other business as may be lawfully connected with the business of sanitary inspection, care, and insurance,—at such rates and upon such conditions as may be ordered and provided by the directors of said company, under subdivision 8, § 70, art. 2, c. 690, Laws 1892."

Section 70, c. 690, Laws 1892, provides for the incorporation of life, health, casualty, and fidelity insurance companies, and the first seven subdivisions thereof specify various kinds of casualties that may be insured against. None of them include those specified in the proposed charter of incorporation in question here. The eighth subdivision of section 70 reads as follows: "Against any other casualty specified in the charter which may lawfully be the subject of insurance,"—and it is upon the construction to be given to the language of that subdivision that this controversy arises. The general purpose of the insurance law, (chapter 690, Laws 1892,) as I understand it, is to regulate and supervise the business of insurance, and bring under the superintendence and control of the state authorities all corporations desiring to engage, or engaged, in insurance business in this state. It was not intended to limit or restrain the carrying on of any lawful insurance business, but it was intended to foster and protect, and not to limit or restrict, it; and, in interpreting and construing the law, those general purposes must be kept in view. It classifies the different kinds of insurance corporations that may be organized under the laws of the state as life, health, casualtv, fire, marine, title, credit, fraternal, town and county co-operative insurance companies, and the insurance of domestic animals, and provides how corporations for conducting the different kinds of business so classified shall be formed and governed. Article 2 of said law contains provisions in relation to life, health, and casualty corporations. Section 70, before referred to, is the first section of said article, and sets forth, in the first seven subdivisions, life, health, fidelity, and all the commonly known kinds of casualties ordinarily insured against; and the legislature, apparently out of abundant precaution, not to shut out any kind of lawful insurance, and to bring all kinds of casualty insurance within the provisions of article 2 of said law, added the eighth subdivision, and, but for such eighth subdivision, the only kind of casualties that corporations could be formed to insure against would have been those mentioned in the first seven subdivisions. Indeed, the construction contended

for by the defendant is that, notwithstanding such eighth subdivision, the only casualties that can be insured against are those mentioned in the preceding seven. The construction contended for by the relator is that not only can they be incorporated to insure against casualties specifically named in the said seven subdivisions, but also for any and all others that are not unlawful. Either construction contended for by the parties hereto is open to objection. The construction contended for by the attorney general necessarily confines the insurance business of this state to the kinds mentioned in the first seven subdivisions, and renders the eighth subdivision meaningless and of no effect. It confines and restricts casualties "which may be the lawful subjects of insurance," as authorized by subdivision 8, to those specified in the preceding seven subdivisions. On the other hand, it is said that the construction of subdivision 8 contended for by the relator renders the preceding seven subdivisions useless, and that, in effect, it reduces section 70 to this: that 13 or more persons may become a corporation for the purpose of insuring against any casualty which may be lawfully the subject of insurance. It is to be presumed that the legislature acted deliberately, knew what it was enacting, and that a purpose was intended to be subserved by each of these subdivisions. Full force and effect should be given to the intent of the legislature. The construction contended for by the relator, while it does not nullify the first seven subdivisions, yet renders them unnecessary, except as specific declarations that the kinds of insurance therein mentioned are lawful, and leaves no question for the court as to the legality of such kinds of insurance; leaves an avenue for the growth of the insurance business in hitherto undeveloped fields, where the same is not contrary to the provisions of any statute or the common law, and brings all corporations formed to insure against casualties of every description under the provisions of article 2 of the law. This construction gives some force and effect to all the subdivisions, whereas the construction of subdivision 8 contended for by the defendant absolutely nullifies it, renders it of no force and effect, and limits the growth of insurance, and the subjects of insurance for which a company can be incorporated, in this state, to those mentioned in the first seven subdivisions. That, I do not think, was the intention of the statute. I have been referred to no law prohibiting the kind of insurance contemplated by the proposed charter. and, without discussing it, suffice it for me to say that I do not see that the proposed business is contrary to public policy, to good morals, or is in violation of any business principle. As the facts are not disputed, let a peremptory mandamus issue, as prayed for by the relator, with costs.