In the Matter of RUSSELL BIRDWELL, Respondent, against ARCHIBALD R. WATSON, as County Clerk of the County of New York, Appellant.

First Department, February 9, 1945.

*Hyman W. Gamso* of counsel (*Archibald R. Watson, County Clerk*), for appellant.

*Lancelot Armstrong* for respondent.

UNTERMYER, J. The petitioner Russell Birdwell is a public relations counsel of wide reputation, who maintains offices both in the United States and Europe. In August, 1944, he tendered to the County Clerk of New York County for filing a certificate in alleged compliance with section 440 of the Penal Law reciting the transaction of business under the designation "Russell Birdwell and Associates", notwithstanding that the certificate revealed that no other person was associated in business with him. The County Clerk refused to file the certificate, but upon application to the Special Term the certificate was directed to be filed as not in contravention of any provision of law. From that determination the County Clerk appeals.

Even if it be assumed that the name under which the petitioner intends to do business is not expressly prohibited by section 924 of the Penal Law nor by section 82 of the Partnership Law, the County Clerk should not be required under legal compulsion to accept a certificate which is misleading to the public. (Cf. *People ex rel. Blossom* v. *Nelson,* 46 N. Y. 477; *People ex rel. Davenport* v. *Rice,* 68 Hun 24.) The certificate offered for filing, by which the petitioner would conduct business as "Russell Birdwell and Associates", although concededly he has no "Associates", would inevitably have such a tendency. The statutes which expressly prohibit the use of the designations "and company" or "and Co.", do not imply that all other designations, no matter how misleading, are permissible. (*Matter of Barker,* 135 App. Div. 16.)

The petitioner asserts that the County Clerk has accepted for filing a certificate authorizing him to do business as "Russell Birdwell Associates". He maintains that there is no substantial difference between that designation and "Russell Birdwell and Associates" and, accordingly, that the County Clerk should not have rejected the certificate which is the basis of this appeal. We are inclined to agree with the petitioner that the difference between these two forms of designation is unsubstantial and almost imperceptible. However, the right to file under the designation "Russell Birdwell Associates" is not before us on this appeal and, therefore, need not be considered by us.

The order should be reversed, with twenty dollars costs and disbursements, and the application denied.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion denied. Settle order on notice.