Aron Steuer, J.
Petitioner seeks to compel the respondent, county clerk, to accept for filing a certificate of doing business. The county clerk has refused to entertain the certificate on the ground that the name selected is deceptive and violative of section 924 of the Penal Law. That section forbids the use by *882 an individual of the names “ and company ’’ or “ & Co.”. The name submitted by petitioner is “ James D. Proctor Associates ”.
It is quite clear that an officer designated to receive names for filing may refuse if the name submitted violates a provision of law. (People ex rel. Blossom v. Nelson, 46 N. Y. 477; People ex rel. Barney v. Whalen, 119 App. Div. 749.) As regards what constitutes a violation of section 924, there was for many years a marked difference of opinion between the First and Second Departments. The latter held that the evil provided against was misleading the public into the belief that they were dealing with a group rather than an individual and hence names conveying the former suggestion violated the statute. (Kravitz v. Kelly, N. Y. L. J., Mar. 15, 1927, p. 2705, col. 1.) In the First Department the view was that only titles specifically enjoined in the section were forbidden (People ex rel. Atkinson v. Schneider, N. Y. L. J., May 12, 1921, p. 555, col. 1). And so in this undesirable state of uncertainty the matter stood until the decision in Matter of Birdwell v. Watson (268 App. Div. 642), when a new stand was taken in the First Department. It appears that one Birdwell had tendered a certificate in the name of Birdwell Associates and the county clerk accepted it. He then tendered a certificate for Russell Birdwell and Associates. This was too much and the county clerk refused. The Appellate Division of the First Department adopted the view hitherto exclusively entertained by the nisi prius Judges of the Second Department. The petitioner argued that there is very little difference, practically none, between “ X Associates ” and “ X and Associates ”. In this the court expressly agreed with him. And as they found that “ and Associates ” is beyond the pale, the designation lacking the conjunction which lack they said, made an “almost imperceptible” difference, the latter would also be taboo.
Application denied.