Bernard S. Meyer, J.
This application presents for construction, apparently for the first time, the sentence added to subdivision 8 of section 10 of the Membership Corporations Law by chapter 598 of the Laws of 1958. That sentence, amended by chapter 985 of the Laws of 1960 in a manner not material to this proceeding, now reads: “If the certificate of incorporation specifies among its purpose, powers or provisions the formation of a trade or business association or any charitable or benevolent uses, purposes or powers, five days written notice of the application for such approval shall be given to the attorney general.”
Applicants, engaged in the excavating business, presented a certificate of incorporation for “ Excavating Machine Owners Association, Inc.” to the Attorney-General pursuant to that provision. Exercising his powers under section 343 of the General Business Law the Attorney-General requested that one of the incorporators appear for examination under oath. That examination was held July 13,1960 and applicants indicated that they were willing to delete from the certificate certain powers which the Attorney-General considered objectionable. Thereafter, they were informed that the Attorney-General would oppose approval of the certificate. They were not furnished a copy of the transcript of the July 13, 1960 examination nor told, orally or in writing, the basis of the objection. Applicants then gave formal notice to the Attorney-General of presentation to this court, at chambers, of a revised certificate from which the matter to which the Attorney-General objected on July 13, 1960 had been deleted. The Attorney-General submitted an affidavit in opposition which, after reviewing the above details, states that: “it is the opinion of your deponent that the purposes and intent of the proposed corporation is in direct violation *421 of the anti-trust provisions of the laws of the State of New York specifically § 340 of the General Business Law of the State of New York and that the purposes and intents of the corporation would be to establish and fix prices in the machine excavating and bulldozing trade in and about the Counties of Nassau, Suffolk and Queens.” In the affidavit and on oral argument (he Attorney-General offered to furnish a copy of the transcript of the July 13, 1960 hearing to the court. It was stated on argument, however, that no copy could be furnished applicants because of the provision in section 343 of the General Business Law against disclosure. That provision reads: “Any officer participating in such inquiry and any person examined as a witness upon such inquiry who shall disclose to any person other than the attorney general the name of any witness examined or any other information obtained upon such inquiry, except as so directed by the attorney general shall be guilty of a misdemeanor. ’ ’
Under the provisions of section 10 of the Membership Corporations Law a membership corporation does not come into existence until its certificate has been approved by a Justice of the Supreme Court and accepted for filing by the Secretary of State; if a political party name is involved, consent of the appropriate party’s county chairman must be indorsed on the certificate, unless the Supreme Court finds such consent is being unreasonably withheld, and if a trade association or charitable corporation is involved, five days’ written notice must be given to the Attorney-General. Provisions protecting an individual when the corporation name is the same as or so nearly resembling his as to deceive are included in section 10, and section 11 requires approval of various governmental or charitable corporations when the membership corporation’s purpose is in the governmental or charitable corporation’s field. Presentation to and consideration by the Supreme Court is ex parte, except with respect to trade associations and charitable corporations (§ 10), corporations for prevention of cruelty to children or animals (§ 11, subd. 5), and if the Justice so directs the individual whose name is included (§ 10). By 1952 amendment to subdivision 5 of section 11, application is on order to show cause on eight days’ notice. Applicant contends that the trade association provision is unconstitutional for failure to set forth any procedure other than five days’ written notice to the Attorney-General.
Determination of the question thus presented necessitates an examination of the court’s function when it acts under sections 10 and 11 of the Membership Corporations Law. While rulings *422 made with respect to individual names and the withheld consent of a party chairman or society for prevention of cruelty to animals or children may constitute exceptions, it is the rule that: “ The consent and approbation of a justice of the Supreme Court, required by the act, as [sic] but one of the conditions precedent to the right to file the certificate, and is cumulative to the other requisites of the act, but decides nothing, and is not conclusive either upon the public or the Secretary of State.” (People ex rel. Blossom v. Nelson, 46 N. Y. 477, 480.) Despite such approval, therefore, the Secretary of State may refuse to file a certificate (People ex rel. Blossom v. Nelson, supra; People ex rel. Davenport v. Rice, 68 Hun 24; Matter of Bernstein v. Moses, 133 Misc. 513; see Matter of Daughters of Israel Orphan Aid Soc., 125 Misc. 217).
The duty imposed upon the Justice is not clerical or ministerial, however, but requires the exercise of judgment and discretion. (Matter of Daughters of Israel Orphan Aid Soc., supra; Matter of Good Thief Foundation 47 N. Y. S. 2d 511; Matter of Council for Small Business, 155 N. Y. S. 2d 530; Matter of Council of Orthodox Rabbis, 10 Misc 2d 62; Matter of Association for the Preservation of Freedom of Choice, 17 Misc 2d 1012, rehearing 18 Misc 2d 534.) That the questions to be determined are (1) whether the objects of the corporation violate public policy, (2) whether approval will permit irresponsible or unequipped citizens to operate under a corporation charter, and (3) whether the proposed corporation will duplicate or conflict with existing corporations, is sustained by the cases last above cited and by Matter of General Von Steuben Bund (159 Misc. 231); Matter of Patriotic Citizenship Assn. (52 N. Y. S. 2d 311); Matter of Stillwell Political Club (109 N. Y. S. 2d 331); Matter of Waldemar Cancer Research Assn. (205 Misc. 560).
‘ ‘ But while the power committed to the justice is judicial in form, unless it is judicial in substance and has a judicial purpose to accomplish, the duty is of an administrative character only” (Matter of Davies, 168 N. Y. 89, 104) and “While the performance of administrative duties cannot be imposed by the legislature upon the Supreme Court, as such, except as to matters incidental to the exercise of judicial powers, yet for many years, and without serious question, acts have been passed conferring upon the justices of that court authority, out of term, to perform a variety of functions, administrative or semi-administrative in character, such as the approval of certificates of incorporation, the acknowledgement of conveyances, the solemnization of marriages, the appointment of com *423 missioners of jurors, the investigation of the financial affairs of villages and the like ” (emphasis supplied; ibid, p. 102); (see, also, People ex rel. Welch v. Bard, 209 N. Y. 304, 309; Matter of Richardson, 247 N. Y. 401, 410).
It appears, then, that a Justice who rules on the certificate of a trade association, such as the instant application, exercises a semi-administrative discretion in so doing. It is, nonetheless, a separate and distinct step in the procedure for incorporation of such an association. In no sense is the Justice reviewing the Attorney-General’s decision, which is also administrative. (See Dunham v. Ottinger, 243 N. Y. 423, 433; Carlisle v. Bennett, 268 N. Y. 212, 217.) Acting in such a semi-administrative fashion, the court is not limited to matter presented by the applicant, but may consider extraneous facts (Matter of General Von Steuben Bund, 159 Misc. 231, supra; Matter of Council of Orthodox Rabbis, 10 Misc 2d 62, supra) including facts presented for its consideration by the Attorney-General after his own investigation has been made..
That it was the purpose of chapter 598 of the Laws of 1958, by requiring notice to the Attorney-General, to permit him to present to the court relevant facts at his disposal is evident from the memorandum submitted by the Attorney-General in connection with the bill which became chapter 598. That memorandum states (1958 Legis. Annual, p. 92):
‘£ Under existing law, before a certificate of incorporation may be filed, the approval of a Justice of the Supreme Court must be endorsed thereon or annexed thereto. No other approval or notice is required. Experience has demonstrated that in some instances the Attorney General has brought about the dissolution of membership corporations for violations of law only to have the same parties, or their agents, reincorporate under a different name and pursue the same illegal activities.
££ By requiring notice to the Attorney General, the Justice of the Supreme Court would have the benefit of the experience of that office before approving an application for incorporation. In addition, such notice would afford the Attorney General an opportunity to make such investigation and report as he deems appropriate in all cases with the result that those who intend to use the corporate form as a shield for illegal activities may be precluded by the Justice of the Supreme Court from acquiring a legal status in the first instance.
“ At the same time, membership corporations organized for legitimate purposes would not be hindered or inconvenienced since any action or investigation by the Attorney General would be discretionary in all cases.”
*424 In the instant ease, however, the Attorney-General opposes on the basis of his own conclusion, stated as a conclusion in his affidavit, and not on the basis of facts, or indeed of a report, presented to the court. For the court to exercise its discretion on such a basis would be for it to abdicate entirely the function entrusted to it by the Legislature. Nor is the problem solved by the Attorney-General’s offer to make the transcript of his hearing available to the court alone. While the use of the corporate form is a privilege which may properly be withheld. “Fairness will generally require that, to the greatest practicable extent, there should be accorded to a party an opportunity to know the reasons for proposed administrative action and the assumed facts that support those reasons, an opportunity to test and to controvert those reasons and those facts, and an opportunity to present and explain his own position before action is taken. Procedure that denies or substantially limits such opportunities must be justified by cogent considerations. ’ ’ (1 Benjamin, Administrative Adjudication in the State of New York, p. 86.) Practice and procedure of administrative bodies is generally assimilated to that of the courts. (Matter of-Evans v. Monaghan, 306 N. Y. 312, 326.) When a semi-administrative, quasi-judicial function is being exercised by a Justice of the Supreme Court, there is even stronger reason for such assimilation. The only reason given for refusal to make available the transcript of the Attorney-General’s hearing or any statement of facts (as distinct from conclusion) on which the Attorney-General’s opposition is based, is that section 343 of the General Business Law prevents so doing. But as a reading of the statute discloses, the Attorney-General may direct otherwise. Since the only persons involved in the hearing were applicants and they press for disclosure, the policy of the statute cannot be detrimentally affected by such disclosure.
So far as appears from a reading of the certificate of incorporation presented on this application, the corporate purposes are legal (see Membership Corporations Law, § 220), the proposed corporation will not duplicate or conflict with any existing corporation, the persons seeking to incorporate are responsible citizens, and the objects of the corporation do not violate public policy. It may well be, however, that the Attorney-General is in possession of facts substantiating his contention that the purpose, of the corporation is violative of the State’s antitrust laws. If so and the Attorney-General chooses to exercise his power under section 343 of the General Business Lgw to direct the release of those facts to applicants and the court, they will be considered. For that purpose, the *425 application will be held in abeyance until Monday, September 19,1960. If by that time the Attorney-General serves a further affidavit, applicants may have three days after receipt of same to serve a reply, and the court will either reach its conclusion on the papers or set the matter for hearing, as may appear warranted. If by that time, no further steps have been taken by the Attorney-General, the certificate will be approved.