In the Matter of DAUGHTERS OF BILITIS OF NEW YORK, INC.

Supreme Court, Special Term, New York County, February 28, 1967.

*Jerry T. Chandler* for petitioner. *Louis J. Lefkowitz, Attorney-General* (*Kenneth D. Shearer* and *William A. Hawkins* of counsel), for State of New York.

MATTHEW M. LEVY, J.   This is a motion for an order approving a proposed certificate of incorporation of Daughters of Bilitis of New York, Inc., as a membership corporation.

The Attorney-General has opposed the application upon several grounds. The one which I shall discuss here has to do with the failure of the petitioner to comply with a pertinent provision of the Membership Corporations Law.

Subdivision 4 of section 10 of that law expressly requires the certificate to state " The city, village, or town *and the county* in which its [the corporation's] office is to be located " (italics supplied). (See, also, Membership Corporations Law, § 30, subd. D, par. 7.)   The present proposed certificate provides only that the corporation's " office shall be located in the City and State of New York ". The City of New York includes five counties, and the precise county of the corporation's location is omitted in the certificate presented for my approval.

The requirement in the Membership Corporations Law is not of recent vintage, but I have not been cited — nor have I found — any authoritative precedent determining whether the statute is or is not mandatory.

That the Secretary of State has indicated that " the certificate appears to be in proper form for execution " is not decisive. He correctly stated as well that the law requires approval thereof by a Justice of the Supreme Court (Membership Corporations Law, § 10).

In an early decision of the Court of Appeals (*People ex rel. Blossom* v. *Nelson,* 46 N. Y. 477, 480 [1871]), in speaking of the function of the Secretary of State in such matters, it was stated:

" The Secretary of State is not required to file a certificate for the organization of a corporation not authorized by the act.

" A compliance with the act, as well in substance, by associating for one or more of the authorized objects, as in form, by signing and acknowledging a proper certificate, stating the facts required, is a condition precedent to the right of the associates to avail themselves of the act, and place the certificate on file * * *. The consent and approbation of a justice of the Supreme Court, required by the act, as [is?] but one of the conditions precedent to the right to file the certificate, and is cumulative to the other requisites of the act, but decides nothing, and is not conclusive either upon the public or the Secretary of State. "

I do not read this case as holding that, if the proposed certificate does not comply with the mandatory requirements of the statute as to form, the judicial function is properly exercised by ignoring the defect or omission, approving the certificate, and leaving it to the Secretary of State to assume responsibility for accepting it for filing. Determination as to whether there has been compliance with each condition precedent, it seems to me, is nonetheless a matter for the court to resolve before the presiding Judge should approve the certificate — even though the Secretary of State may assume to decide the issue as an advisory matter in advance of submission to the court for approval or even as an administrative matter after there has been such judicial approval.

Nor, in my view, is the recent decision in *Matter of Association for Preservation of Freedom of Choice* v. *Shapiro* (9 N Y 2d 376 [1961]) to the contrary, dealing, as it does, with the question as to whether a Justice of the Supreme Court is at liberty to deny an application upon the ground that (as he sees it) approval of the certificate would be contrary to public policy or injurious to the community, when the purposes stated therein are not unlawful.

The omission of the appropriate county — even in New York City — is not sanctioned by existing law. The initial filing of a certificate of incorporation, including that of a membership corporation, is covered by section 8 of the General Corporation Law. The procedure to be followed is thus set forth in the statute: " 2. Except as otherwise provided by law [which exceptions are not pertinent here] such certificate or statement and

designation shall be filed in the department of state. The secretary of state shall index such certificate or statement and designation and shall make, certify and transmit a copy thereof to the clerk of the county in which the office of the corporation is to be or is located. The county clerk shall file and index but shall not record such copy." (See 11 N. Y. Jur., Corporations, § 33, pp. 138–139.)

There is no basis upon which the Secretary of State can or should be directed to file a copy of the certificate in each of the five counties of New York City. Therefore, if the county is not stated in the certificate it would not be possible for this official to comply with the law.

Another statutory provision is pertinent. Subdivision 7 of section 30 of the Membership Corporations Law provides that any change in the certificate of incorporation of a membership corporation is effectuated when a certificate of such change, duly approved, is "filed in each public office in which the certificate of incorporation is filed, and if the location of the principal office is to be changed a duplicate original or certified copy thereof shall be filed in the office of the clerk of the county to which the office of the corporation is to be removed." When the statute refers to "each public office", what is meant is the office of the Secretary of State and the office of the Clerk of the county in which the corporation is located as specified in its certificate of incorporation. There is no room for assumption or conjecture.

It is of some significance to note that a corporation organized in pursuance of certain other statutory provisions need not — as distinguished from the requirement of the legislation here involved — specify in its certificate "the county in which its office is to be located" (Membership Corporations Law, § 10, subd. 4). Thus, in the Banking Law (§ 90, subd. 2) and in the Railroad Law (§ 5, subd. 10), it is provided that the certificate of incorporation shall recite "The place where its principal office is to be located".

Also, it would do well to record that subdivision 5 of section 2 of the Business Corporation Law, as enacted in 1890, used the words "The location of its principal business office" (L. 1890, ch. 567). In 1895, this clause was changed to read: "The city, village or town in which its principal business office is to be located" (L. 1895, ch. 671). When this statute was re-enacted in that respect as one of the Consolidated Laws of New York, this last clause was reiterated but with the following addendum: "If it is to be located in the city of New York, the borough therein in which it is to be located". (L. 1909, ch. 12; Cons.

Laws, ch. 4, § 2, subd. 5.) When the subject matter of this provision was later covered in the Stock Corporation Law (L. 1923, ch. 787), the last clause was eliminated and the required statement was made to read the "city, village or town and the county" (§ 5, subd. 5). And, when there was a subsequent reshuffling of the section to the Business Corporation Law (L. 1961, ch. 855), this language was continued without amendment (§ 402, subd. [a], par. [3]).

The history of the provision of the Membership Corporations Law itself needs recounting. Section 31 of chapter 559 of the Laws of 1895 required a statement by the corporation of "the town, village or city in which its principal office is to be located, if it be then practicable to fix such location". By section 2 of chapter 519 of the Laws of 1924, the conditional phrase was deleted; and by section 1 of chapter 722 of the Laws of 1926, the terminology used in the present subdivision 4 of section 10 of the Membership Corporations Law, heretofore quoted, was adopted.

It is the practice in some more modern legislative enactments to specify that New York City shall be deemed one county. Thus in CPLR 3110, as to the place for taking depositions, it is expressly provided that "for the purpose of this rule New York city shall be considered one county". The Practice Commentary as to this provision states that "consistent with recent legislation and court reorganization, New York City is considered one county" (McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3101–3400, p. 203 [Pitassy and Ryan]; see, also, 1966 Cum. Annual Pocket Part, p. 71 [Siegel]). This thought also applies to the place where an examination in supplementary proceedings may be noticed (CPLR 5224, subd. [c]).

This principle is, of course, helpful as to this type of procedural statute but, clearly, it has a different purpose than that applicable here. Transportation is an element to be considered in deciding where a pretrial or postjudgment examination will take place. And, today, the City of New York, on that score, can well be deemed one locality. But that is not the situation here involved. A certificate of incorporation and amendments thereto must not only be filed with the Secretary of State in Albany, but also with the County Clerk of the county specified in the certificate (General Corporation Law, § 8, subd. 2; Membership Corporations Law, § 30, subd. D, par. 7), and the county of the corporation's principal office or place of business may be relevant or decisive as to a number of matters.

There is no justification to require one having a legitimate desire or need to ascertain the locale of the corporation to search the records in each or some or all of the five New York City counties to obtain the wanted information. That would put a premium upon the imposition of inconvenience that is not warranted in the face of the plain language of the statute in the case at bar.

I have therefore come to the considered conclusion that the present certificate suffers from a fatal defect and, in consequence, that the motion must be denied. This disposition, however, is without prejudice to renewal upon submission of an appropriate proposed certificate of incorporation.