William C. Brennan, J.
A proposed certificate of incorporation has been submitted for the approval of this court pursuant to section 402 of the Not-For-Profit Corporation Law. The statute requires five days’ written notice to the Attorney-General which has been waived by indorsement on the papers, specifying that such waiver is not to be deemed an approval nor an authorization of activities otherwise limited by law. The name selected for this proposed corporation is “ Queens Lay Advocate Service, Inc.” It is described as a “ charitable ” corporation said to be intended to achieve better quality education in the public schools by encouraging pupils, parents and the general public to more actively participate in'and initiate projects intended to improve the .schools; to provide assistance and formulate proposals to protect and expand the rights of pupils, parents and general public in their relations with the school system, including assisting persons involved in school grievances or disciplinary, suspension and other proceedings by providing information, spokesmen, supportive service's and arranging for professional legal representation where appropriate; to seek establishment of fair and impartial procedures for the equitable resolution of disputes involving the schools; to encourage expansion .of the role of students in the conduct of school affairs and to conduct programs and workshops to prepare students for these new responsibilities.
Attached is an approval or consent of the Commissioner of Education which specifically states, among other things, that it is not to be construed as approval of the purposes or objectives of the corporation or as authorizing the corporation to engage in the practice of law.
The stated purposes of the proposed corporation have been above repeated almost verbatim. The proposed name may also be considered as an indication of its purposes. It is obviously intended to convey some indication of its function. This court has not previously encountered any other “ Lay Advocate ” corporation and has tried to reconcile what appears to be a contradiction. Webster’s New Collegiate Dictionary defines ‘ ‘ advocate ” as “ one that pleads the cause of another as before a tribunal or judicial court ”, etc. Its use in the proposed name automatically registered the same definition in the mind of the court. The adjective “ lay ” is used to describe a kind of advocate or lawyer. Together, the meaning conveyed, at least to the court, is a nonlawyer lawyer. That the public would be similarly impressed, somewhat confused and misled seems a reasonable certainty.
*35 Included in the proposed purposes is such lawyer-like conduct as assisting in protecting and in expanding the rights of pupils, assisting persons involved in school grievances, disciplinary, suspension and other proceedings, providing supportive services and arranging for “ professional ” legal representation (probably as opposed to the “non-professional legal representation ”) intended to be provided by the corporation. This language confirms the court’s impression that what is proposed is a corporation to perform duties of the nature generally reserved for lawyers who have the education, training and responsibility that better qualify them for such tasks.
This court’s approval must be withheld where the objectives violate public policy or where the corporation may permit irresponsible or unequipped individuals to operate under a corporate charter. (Matter of Excavating Mach. Owners Assn., 25 Misc 2d 419.) Needless to say, the practice of law by laymen is against public policy. While it is now permissible for a corporation to organize to practice a profession under article 15 of the Business Corporation Law entitled ‘1 Professional Service Corporations ” added by the Laws of 1970, such right is limited to one or more individuals duly authorized by law to render the same professional services (§ 1503, subd. [a]) and is subject to the same supervision as are the individual lawyers who practice under such corporate form (§ 1503, subd. [e]).
It may be assumed that providing ‘ ‘ information ’ ’ with respect to administrative proceedings in the school system will involve advising as to procedural as well as substantive rights. The giving of such advice is peculiarly within the province of the practice of law which is limited to duly-licensed lawyers. (Spivak v. Sachs, 16 N Y 2d 163,166; Matter of New York County Lawyers Assn. [Roel], 3 N Y 2d 224, 231, app. dsmd. 355 U. S. 604.)
In administrative proceedings involving the school system, only aggrieved parties or parents of students who are aggrieved parties or attorneys may appear (8 NYCRR 102.4, 113.5, 275.15, 276.2).
An organization to provide attorneys for persons involved in administrative proceedings must come within the provisions of section 495 of the Judiciary Law and obtain the approval of the Appellate Division of the Supreme Court. Section 479 of the Judiciary Law prohibits the conduct of a business of soliciting or procuring legal business. The possibility that the corporation might take it upon itself to discourage the public from seeking needed legal advice represents another possibility of it engag *36 ing in the practice of law which would be contrary to the public interest. Section 478 of the Judiciary Law provides that it is unlawful for a person to practice law without being admitted and registered. Activities of laymen in matters generally requiring the training, experience and ethical responsibility of duly-qualified attorneys are subject to the control of the courts which hold that a specialized area of competence does not entitle laymen to engage in the business of giving legal advice based on their knowledge of the subjects. (Matter of New York County Lawyers Assn. [Roel], supra.)
The proposed corporation, in name and purposes, transgresses far beyond the borderline so established for the protection of the public. Approval would constitute a giant step in the wrong direction, encouraging swift erosion of the safeguards so carefully promulgated. This court would be more inclined towards reinforcement than relaxation of such safeguards. A proposed corporation with a name which is not misleading and having stated purposes which do not imply that it is a substitution for professional legal services or involve the solicitation of legal work for lawyers or be otherwise against public policy might well meet with the approval of this court.
For the reasons stated, the court refuses to approve the certificate of incorporation submitted. This denial is without prejudice to renewal upon compliance with the standards stated and inclusion of a more detailed statement of proposed activities consistent with the limitations and views herein expressed.