OPINION OF THE COURT
Arthur W. Lonschein, J.
This is an application for approval of a certificate of incorporation. (Not-For-Profit Corporation Law, § 404, subd [a].) The certificate proposes the incorporation of an organization generally intending to carry out "religious purposes” and is thus properly designated a type B not-for-profit corporation. (Not-For-Profit Corporation Law, § 201, subd [b].)
Pursuant to a memorandum decision of this court dated September 26, 1978, this application was held in abeyance to provide notice to other potential interested persons. The court has received papers from St. Robert Bellarmine Roman Catholic Church and from the community groups in the area of *202 Bayside, as well as the Chancery of the Roman Catholic Diocese of Brooklyn, opposing the incorporation. Generally, this opposition is based on the contention that the incorporator is one, Veronica Lueken, who has conducted certain religious services in the public streets and environs of Bayside, creating public disorders, resulting in the issuance of an injunction by this court.
According to the papers on file in this court in the action for an injunction, Ms. Lueken claimed to be in communication with the Virgin Mary who she claimed to see in apparitions and who gave her instructions to hold prayer vigils on the site of St. Robert Bellarmine Roman Catholic Church. Rumors of miracles and visions began to spread throughout the country and Canada and large groups of worshipers, numbering in the hundreds and more, some of whom wore a type of uniform, congregated at the site where Ms. Lueken conducted the prayer vigils. This cult, which called itself "Our Lady Of The Roses”, did not receive the sanction of the Roman Catholic ecclesiastical authorities and in fact, the Chancery of the Diocese of Brooklyn in an official notice, directed that all Catholics refrain from participating in the services, declaring them to be unauthorized and forbidden.
The adherents of the cult and the local residents came into conflict resulting in a number of disturbances and near riots culminating in the injunction action. One of the contentions of those opposing this application is that Ms. Lueken may intend to circumvent the order of this court by the device of incorporation.
The sole basis for review and approval of a certificate of incorporation by a Justice of this court is to determine whether the purposes of the corporation are in conformity with law. The court may not interject its own opinion as to the social desirability of those purposes. (Matter of Association for Preservation of Freedom of Choice v Shapiro, 9 NY2d 376; Matter of Martin v Hunt, 40 AD2d 571.) Such is particularly true, where, as here, Ms. Lueken seeks to incorporate to carry forward a religious purpose, the free exercise of which is clearly and unequivocally protected by our Constitutions. "The free exercise and enjoyment of religious profession and worship, without discrimination or preference, shall forever be allowed in this state to all mankind”. (NY Const, art I, § 3; US Const, 1st Amdt.) Thus, I make no determination as to the *203 propriety or social desirability of the incorporator’s purposes. Nor is it for me to presume to pass judgment on the religious quality or spiritual probity of the purposes of the proposed corporation. (Matter of Basilio Scientific Spiritist Cult Assn., 9 Misc 2d 389.) Nor can I conclude that the purposes are violative of the court order enjoining Ms. Lueken. It would be presumptuous at best to conclude that the corporate entity would conduct activity enjoined by that order. Thus, I may not deny incorporation on that ground. Nothing in the statute permits me to condition approval of a corporation on any basis not provided for by the Legislature. Thus, I likewise cannot grant incorporation upon the condition that the proposed corporate body subject itself to the injunction order.
Under the Membership Corporation Law, the predecessor to the Not-For-Profit Corporation Law, an organization could not incorporate for religious purposes. Such purposes could only be provided for in an incorporation under the Religious Corporations Law. (Matter of Basilio Scientific Spiritist Cult Assn., 9 Misc 2d 389, supra.) Such is no longer the case as the Not-For-Profit Corporation Law is intended as a general incorporating statute and clearly governs "religious corporations”. (Not-For-Profit Corporation Law, § 201, subd [b]; Religious Corporation Law, § 2-b.) This is not to say that the Religious Corporations Law is no longer applicable since it is clear that now both statutes apply to corporations formed for the specific purposes governed by the Religious Corporations Law. (Religious Corporations Law, §§ 2, 2-a, 2-b.) In determining what kind of corporation is presently proposed, it is incumbent upon me to make this evaluation based on the purposes set forth in the certificate of incorporation. (Matter of Bodell v Ghezzi, 50 AD2d 674; Matter of Queens Lay Advocate Serv., 71 Misc 2d 33.) The purposes of the instant certificate of incorporation provide in pertinent part "to print, mail, disseminate, Roman Catholic information * * * to conduct prayer vigils, and with divine guidance keep the knowledge of God and His plan for peace and security in the hearts of all mankind”. The Religious Corporations Law defines an unincorporated church as "a congregation, society, or other assemblage of persons who are accustomed to statedly meet for divine worship or other religious observances”. (Religious Corporations Law, § 2.) Thus, it appears clear to me that part of the purposes of the present incorporation brings it within the definition of an incorporated church making it subject to the provisions of the *204 Religious Corporations Law (Matter of Temple of Joy, 86 NYS2d 678), as well as the Not-For-Profit Corporation Law.
As part of its purposes, the proposed corporation defines itself as Roman Catholic, at least to the extent that it so specifies the information which it intends to disseminate. Indeed, its very name, "Our Lady Of The Roses”, suggests a Roman Catholic church or mission. Under these circumstances, I believe that the incorporator must conform to the specific provisions of the Religious Corporations Law which govern the incorporation of groups associated with the Roman Catholic Church. Such incorporation requires an execution and acknowledgment by certain specific officials of that church. (Religious Corporations Law, § 90.) Such is not present here, and accordingly, the petitioners’ application for approval by me must be denied.
It is not my determination that Ms. Lueken may not seek to incorporate as a religious corporation or may not seek to incorporate as a not-for-profit corporation where their purposes may not involve worship. This determination is limited simply to a review of the presently stated purposes in which it appears that Ms. Lueken is seeking to incorporate as a "Roman Catholic Religious Corporation.”